Sutliee, J.
The question presented for our consideration depends upon a construction of the .following provisions of the “ act of the jurisdiction and procedure before justices of the peace, and of the duties of constables in civil cases:”
“ Sec. 109. If the defendant, any time before trial, offer, in writing, to allow judgment to be taken against him for a specified sum, the plaintiff may immediately have judgment therefor, with the costs then accrued. But if he do not accept such offer before the trial, and fail to recover in the action a sum equal to the offer, he can not recover costs accrued after the offer; but costs must be adjudged against him. But the offer and failure to accept it can not be given in evidence to affect the recovery, otherwise than as to costs, as above provided.”
This section of the justices’ act .differs somewhat in its phraseology, from that of section 498 of the code of civil procedure; and, taken in connection with the fact that the code had already been reported by the commissioners, and was before the committee who prepared and reported the justices’ act, and the legislature who adopted it, the inference is that this difference was designed to thereby better secure its object in a justice’s court.
The provision as expressed in the code was evidently intended to impose the expense of litigation upon the party who wrongfully persisted in the exercise of that legal right. This is the true ground upon which costs were, in the English courts, at the commencement, adjudged against parties. If the plaintiff failed to sustain his cause of action, he was amerced for his false clamor. If the defendant failed to make good his defense, he was considered thereby to deserve an amercement, and he was said to stand in misericordia; and it was only, at common law, forborne in consideration of the judgment rendered against him being of itself a punishment imposed upon him as a delinquent.
The statutes of England, however, at an early period, subjected the failing suitor in all litigations at law, to pay the costs of the adversary party; and such has been the general legislation upon the subject in this country. But the reason *558 of the rule was not always realized in the result of litigation between the parties under the application of this general rule, that the party against whom judgment was finally rendered, should also be adjudged to pay all costs. It not unfrequently happened that the debtor, or -party delinquent, for one hundred, was sued for two hundred dollars, and an expensive litigation ensued; not as to the right of recovery, but as to the amount of the recovery. And in such cases, under the operation of the general rule, although the verdict of the jury was for the amount admitted by the defendant, he was, contrary to the reason of the rule, adjudged, under it, to pay the expense of the litigation, and all costs were taxed against him, as an incident of the judgment.
By the code of civil procedure, the rule in this State, in all actions for the recovery of money, was sought to be qualified in this particular, so as to render it consonant to the reason of the rule, as expressed in the following provision: “ Sec. 498. After an action for the recovery of money is brought, the defendant may offer in court to confess judgment for part of the amount claimed, or part of the cause involved in the action. Whereupon, if the plaintiff, being present, refuse to accept such confession of judgment, in full of his demands against the defendant in the action, or, having had such notice that the offer would be made, of its amount, and of the time of making it, as the court shall deem reasonable, fail to attend, and, on the trial, do not recover more than was so offered to be confessed, such plaintiff shall pay all the costs of the defendant incurred after the offer. The offer shall not be deemed an admission of the cause of action, or amount to which the plaintiff is entitled, nor be given in evidence on the trial.”
The object of the provision, as thus expressed, is clearly, what has been already stated, to narrow down, not the issue in the case, but the cause for incurring further expense in litigating the claim. This is shown from the fact that, if the plaintiff refuse the offer of the defendant, be it ever so liberal, such offer can not be given in evidence to show the justness of the plaintiff’s claim for any amount; and as the offer *559 to thus suffer judgment for a given amount, could in no case be used as evidence of an amount due or a cause of action, but rather to buy peace and end litigation, it was not, by the code, required to be reduced to writing.
But in the justices’ act, while the same object is equally apparent in the provision, the offer is required to be in writing. And as the offer would, generally, in cases of an action in a justice’s court, be made out of court, it was doubtless deemed advisable, for the purposes of certainty of proof, to require that the offer made should be in writing. But the provision, like that in the code, expressly provides that the offer can not be given in evidence to affect the recovery, otherwise than as to costs. Nor does the provision require that a written proposition shall be delivered to the plaintiff. The language is, “If the defendant, anytime before trial, offer, in writing, to allow judgment to be taken against him.” It is not provided to whom, nor what shall be the form of the offer so to be made. The provision is a reasonable one, and it should have a reasonable interpretation. There may be cases, doubtless, in which a written notice made to a plaintiff and delivered to him, when absent, and the action being conducted by his agent, and cost made in ignorance of the offer, and before intelligence could be given of the fact, where the offer would not be regarded as reasonably made, within the contemplation of the provision. And so, too, an offer made by delivering the written offer to the court after the issuing of subpoenas, ornotice for depositions forwarded previous to the offer, and additional costs made before intelligence of the offer could be given, and subsequent costs presented, under the circumstances, might be held to be not reasonably made and perfected, at the precise time of delivering the written proposition. Nor is it necessary here to say, that if the defendant were apprehensive of the plaintiff’s making an improper use of a written proposition to confess a judgment, to defendant’s prejudice, whether a reasonable complianc'e with the statute could not be male by reading the proposition to him, and depositing the same with a third person for his perusal.
*560 We think the ease before ns one that calls for no unreasonable or doubtful construction of the statute under consideration, to meet any extreme case arising under the provision.
This writing is, in its terms, a clear and explicit offer to the plaintiffs, to suffer them to take a judgment against the defendants in the action then commenced, for the sum of fifty dollars. The proof was, that this writing, at the defendants’ instance, was read to the plaintiffs, on the day of its date, the return day of the summons, in the presence of the defendants, and of the court. The court recognized it as an offer, and so entered the fact of the offer being then made properly upon his docket; and the writing evidencing the offer, was then delivered to the justice, and by him filed as a paper in the case. It is impossible that the offer could have been made more obligatory upon the defendants. They could not possibly have avoided a judgment for the sum named, and all costs which had then accrued, if the plaintiffs had seen fit to accept it. Nor can it be said they had not a sufficient opportunity to consider the proposition. The evidence shows that the same offer had been made to one of the plaintiffs on the day the summons issued, and again upon the return day; and that the proposition thereafter remained with the justice; and that the same was again read to them, on the 9th of March, the day of the trial; and that on every occasion, its acceptance, was urged by the defendants, and re jected by the plaintiffs. And the litigation then proceeded, to determine whether the plaintiffs were or were not entitled to recover a judgment against the defendants, for a greater sum than for the amount of fifty dollars so offered them. The result showed that the plaintiffs were not entitled to a larger judgment than the defendants offered them; and that the claim for such larger amount, thus successfully resisted by the defendants, was groundless, a “ false clamor ” on the part of the plaintiffs. In equity, then, and upon the reason of the statute, the cost of the groundless litigation in that regard, ought to be paid by the plaintiffs, the parties in fault, for so persisting. And such, we think, is the clearly express-' ed object of the statute, in all like cases.
*561 We are of opinion that the record in this case, shows, very satisfactorily, that an “ offer in writing” was fairly and reasonably made by the defendants, on the 3d of March, 1857, according to the provisions of the statute, to allow judgment to be taken against them, in the case, for fifty dollars. And the jury'having found that only thirty-six dollars was in fact due, and for which judgment was entered, it is evident that the plaintiffs failed to recover in their action, a sum equal to that offered; and the costs accrued after the offer should, have been adjudged against them as provided by the statute.
Eor the error of overruling the motion of the defendants, and entering judgment as to costs, the judgment of that court against the defendants below for costs subsequent to-said offer, must be reversed.
And this court thereupon adjudge that said defendants-below pay the costs accrued before the justice previous to the 3d day of March, 1857; and that the plaintiffs below pay the residue of the cost in the justice’s court, and all costs in the court of common pleas.

Judgment accordingly.

Scott, C.J., and Peck, Gholson, and Brinkerhoee, JJ., concurred.